JUSTICE HUNT,
dissenting.
I dissent.
The defendants waived their right to arbitration because their actions were inconsistent with their right to arbitrate. The defendants knew they had a right to arbitrate, but elected to proceed through the judicial system. Upon filing of the complaint, defendants could have made a Rule 12(b) motion to dismiss or to stay the proceedings pending arbitration pursuant to 9 U.S.C. § 3 (1987). Instead, the defendants elected to file an answer, with Baker Boy also filing a counterclaim, thereby voluntarily subjecting themselves to the judicial forum.
In addition, the defendants also chose to engage in the discovery process for over six months. They participated in the setting of a discovery schedule, as well as agreeing that the court could set a trial date upon filing a notice of issue. Christensen sent a 48 page set of discovery requests to the Downeys. The Downeys responded to all 76 interrogatories and delivered approximately 950 pages of records and documents. The defendants also began scheduling depositions. All of these actions taken by the defendants were inconsistent with their right to arbitrate.
*393 I also believe the Downeys will be prejudiced by removing the case to arbitration where discovery is not available. While proceeding through the judicial forum, defendants availed themselves of the privileges and protections of Montana’s Rules of Civil Procedure relating to discovery. By removing this case to arbitration, the Downeys will not be afforded the same luxury. The defendants have refused to respond to the Downeys’ discovery requests and only moved for arbitration after the Downeys initiated their discovery. This places the Downeys at an extreme disadvantage. These actions not only prejudice the Downeys, they also represent an abuse of the judicial system. I would affirm the order of the District Court.
JUSTICE TRIEWEILER concurs in the foregoing dissent of JUSTICE HUNT.